981 F.2d 1177
 36 ERC 1798, 61 USLW 2452, 23 Envtl.
L. Rep. 20,478,
Prod.Liab.Rep. (CCH) P 13,372
 ARKANSAS-PLATTE & GULF PARTNERSHIP, a Colorado general
partnership, Plaintiff-Appellee,
v.
VAN WATERS & ROGERS, INC., a Washington corporation; The
Dow Chemical Company, a Delaware corporation,
Defendants-Appellants.
National Agricultural Chemicals Association; Western
Agricultural Chemicals Association; National Pest Control
Association; National Agricultural Aviation Association;
Chemical Specialties; American Wood Preservers Institute;
Chemical Manufacturers Association; Product Liability
Advisory Council, Inc.; Trial Lawyers for Public Justice,
Amici Curiae.
 No. 91-1085.
 United States Court of Appeals,
Tenth Circuit.
 Jan. 5, 1993.
Rehearing Denied Feb. 9, 1993.
 
 Richard R. Young, Brent E. Rychener, and Walter H. Sargent, Holme Roberts & Owen, Colorado Springs, CO, for plaintiff-appellee.
 David A. Bailey, Dean R. Massey, and Anne D. Weber, Parcel, Mauro, Hultin & Spaanstra, P.C., Denver, CO, for defendant-appellant, Van Waters & Rogers Inc.
 C. Michael Montgomery and Peter S. Dusbabek, Montgomery, Green, Jarvis, Kolodny & Markusson, Denver, CO, for defendant-appellant, The Dow Chemical Co.
 Before LOGAN and MOORE, Circuit Judges, and ALLEY, District Judge.*
 OPINION AND ORDER ON REMAND
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(e); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 This case is before us on remand from the Supreme Court. --- U.S. ----, 113 S.Ct. 314, 121 L.Ed.2d 235. To aid our compliance with the mandate, we ordered the parties to file simultaneous briefs discussing the applicability of Cipollone v. Liggett Group, Inc., --- U.S. ----, 112 S.Ct. 2608, 120 L.Ed.2d 407 (1992). Having considered the matters on file, we conclude we must adhere to the opinion previously rendered in this case. Arkansas-Platte v. Van Waters & Rogers, Inc., 959 F.2d 158 (10th Cir.1992).
 
 
 3
 The mandate gave no specific direction to us; therefore, the parties have differing views of the scope of the remand. Plaintiff, Arkansas-Platte, broadly reads the remand, but defendants take a more narrow view.
 
 
 4
 Plaintiff argues as a result of the remand our entire holding has been vacated, including our determination that pre-1972 law does not apply to this case. To the contrary, argue the defendants. They contend the Court has sent us only one issue for consideration and that is whether Cipollone reverses our holding that 7 U.S.C. § 136v(b) preempts a state common law duty to warn. Thus, our first consideration is to decide the effect of the Court's remand.
 
 
 5
 Plaintiff has always, but unsuccessfully, argued the law in effect in 1987, the year in which contamination was discovered, does not apply to its claims against defendants. It contends liability must be predicated upon defendants' conduct prior to the time of the discovery. That issue was hotly contested, and we resolved it in favor of defendants by holding the claim did not arise until after the 1972 amendment of FIFRA. Arkansas-Platte, 959 F.2d at 160-61. Without a lengthy discussion, we held plaintiff's claim did not exist until it acquired the contaminated property.
 
 
 6
 Plaintiff now contends the Court reversed this holding. It points out Mrs. Cipollone's cancer was not diagnosed until 1984; therefore, her claim did not arise until that time. Yet, the Court's analysis of the Cipollone claim took into account statutes that existed before 1984. Therefore, plaintiff reasons, the Court must have disapproved our analysis of when Arkansas-Platte's claim arose. This argument is not persuasive.
 
 
 7
 Mrs. Cipollone started smoking and therefore was exposed to the consequences of tobacco smoke in 1942. Thus, her claim must logically be a continuing claim that has its foundation in the events that occurred when she first started to smoke. In contrast, until Arkansas-Platte came into possession of the contaminated property it had no claim against the defendants. Neither it nor any of its employees had any exposure to defendants' products until Arkansas-Platte moved onto the contaminated premises. Therefore, assuming plaintiff has any claim at all, it can only arise from its ownership of that land.[1]
 
 
 8
 Nonetheless, a more significant reason belies plaintiff's argument. We find no indication in Cipollone that a question was ever raised, let alone decided, about when the plaintiff's claim arose in that case. Thus, not only is the timing and nature of Mrs. Cipollone's claim different from that of the plaintiff in this case, but also her case reflects no holding of the Supreme Court about the ripening of that claim.
 
 
 9
 In short, although it is not disputed plaintiff has never given up on the issue of when its claim arose, we do not believe the remand encompasses our holding on that question. That belief is further supported by the fact that the only issue this case has in common with Cipollone is the issue of preemption. Therefore, we shall only reconsider our holding on that issue.[2]
 
 
 10
 After reviewing the briefs and the Court's holding, we conclude Cipollone does not require a conclusion different than the one we reached initially. We determined the legislative language relating to labeling contained in 7 U.S.C. § 136v(b) results in preemption, and Cipollone does not undercut that determination. Indeed, our conclusion is re-enforced because the labeling provision of § 136v(b) is as inclusive as that contained in § 5(b) of the Public Health Cigarette Smoking Act of 1969, 15 U.S.C. 1334(b), which the Court held constituted a preemption of state common law labeling and duty to warn claims. Cipollone, --- U.S. at ---- - ----, 112 S.Ct. at 2621-22.
 
 
 11
 Section 136v(b) prohibits a state from imposing "any requirement for labeling or packaging in addition to or different from those required under this subchapter." (emphasis added). In comparison, section 5(b) of the Cigarette Smoking Act states:
 
 
 12
 No requirement or prohibition based on smoking and health shall be imposed under State law with respect to the advertising or promotion of any cigarettes the packages of which are labeled in conformity with the provisions of this Act.
 
 
 13
 (emphasis added). Although the words employed in § 136v(b) of FIFRA are different from those in § 5(b) of the Cigarette Smoking Act, their effect is the same. Section 136v(b) exists in the context of what federal law permits the state to regulate, and it simply deprives the state of power to adopt any regulation. This is as broad as the § 5(b) proscription.
 
 
 14
 We believe also the prohibition of "any" requirement is the functional equivalent of "no" requirement. We see no difference between the operative effect of the two acts.
 
 
 15
 Moreover, when Congress, in § 136v(b) stated, "Such state shall not impose or continue in effect any requirements for labeling or packaging in addition to or different from those required under this subchapter," it gave a "reliable indicium of congressional intent with respect to state authority." Cipollone, --- U.S. at ----, 112 S.Ct. at 2618. We believe Congress circumscribed the area of labeling and packaging and preserved it only for federal law. With the same stroke, Congress banned any form of state regulation, and the interdiction law is clear and irrefutable.
 
 
 16
 While plaintiff argues a congressional preemption of state law extends to positive legislative acts only, we do not agree. When one looks to the purpose underlying both legislative regulation of labeling and packaging and a state common law duty to warn, it becomes evident those purposes are the same. Indeed, a state common law duty to warn is nothing more than a duty to label a product to provide information. In that sense, the common law duty is no less a "requirement" in the preemption scheme than a state statute imposing the same burden. The objectives of the common law duty and a regulatory statute are the same. Both address a manufacturer's duty to convey information about a product through the medium of a label. That a common law action can result in an award of damages to an injured party does not detract from the ultimate purpose of imposing a duty to warn the users of a product about its potential dangers or other properties. Therefore, we believe it only logical to hold that the common law duty to warn is subjected to the same federal preemptive constraints as a state statute. Cipollone, --- U.S. at ----, 112 S.Ct. at 2620 (state regulation can be accomplished by an award of damages or by legislative enactment). A common law failure to warn case is inherently retrospective, measuring the consequences of what has already happened. A plaintiff's victory in such a case may only state the defendant's warning, if any, was insufficient, rather than specifying exactly what warning is requisite. The common law standard is generic. In contrast, the FIFRA warning scheme is prospective and specific. To the extent that state tort claims in this case require a showing that defendants' labeling and packaging should have included additional, different, or alternatively stated warnings from those required under FIFRA, they would be expressly preempted.
 
 
 17
 We hold Cipollone supports our previous judgment in this case. Accordingly, we ADHERE to the opinion previously announced in 959 F.2d 158. Appellee's motion to file a supplemental appendix is denied.
 
 
 
 *
 The Honorable Wayne E. Alley, United States District Court Judge for the Western District of Oklahoma, sitting by designation
 
 
 [1]
 We are not declaring, however, Arkansas-Platte has any claim against defendants. We refer only to the time whatever claim it may have arisen
 
 
 [2]
 Because of this analysis, augmentation of the record is unnecessary