Patricha D. KOLICH, Plaintiff,

v.

SYSCO CORPORATION, d/b/a Sysco Chemical, and the Sherwin–Williams Company, Defendants.

Civ. A. No. 92–2273–GTV.

United States District Court, D. Kansas.

June 8, 1993.

Blaise R. Plummer, Carson & Fields, Kansas City, KS, for plaintiff.

E. Wayne Taff, Sherman, Taff & Bangert, P.C., Leawood, KS, Reginald J. Harrington, Sherman, Taff & Bangert, P.C., Kansas City, MO, for defendants.

## MEMORANDUM AND ORDER

VAN BEBBER, District Judge.

Plaintiff Patricha D. Kolich filed this products liability action against defendants Sysco Corporation, doing business as Sysco Chemical, and The Sherwin–Williams Company, alleging that defendants' failure to adequately warn her of the dangers of one of defendants' aerosol pesticides caused her to incur injuries. This case is before the court on two separate motions of the defendants. Defendants move the court (Doc. 23) for summary judgment pursuant to Fed.R.Civ.P. 56(b). Defendants also move the court (Doc. 27) for sanctions pursuant to Fed.R.Civ.P. 11. Plaintiff opposes (Docs. 25 and 33) both motions. For the reasons stated below, defendants' motion for summary judgment is sustained and defendants' motion for sanctions is overruled.

### The Motion for Summary Judgment

A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. This burden may be discharged by "showing," that is, pointing out to the district court, that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Once the moving party has properly supported its motion for summary judgment, "a party opposing ... may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id.*

The material uncontroverted facts of the case appear as follows:

Plaintiff is a resident of Kansas City, Kansas. Defendant Sysco Corporation is a Delaware corporation that does business as Sysco Chemical. Its principal place of business is in Texas. Defendant The Sherwin–Williams Company is an Ohio Corporation and has its principal place of business in Ohio.

On June 30, 1990, plaintiff was employed as a Supervisor of Program Sales at the Woodlands, a pari-mutuel race track located in Wyandotte County, Kansas. Plaintiff's work area became infested with flies. To combat the flies, plaintiff obtained an aerosol can of insecticide containing the active ingredient, Pyrethrins. It is uncontroverted that the insecticide was distributed by defendant Sysco Corporation doing business as Sysco Chemical. It is also uncontroverted that defendant The Sherwin–Williams Company manufactured the insecticide's active ingredient, Pyrethrins.

Plaintiff sprayed her work area. In the course of doing so, plaintiff inhaled some of the insecticide into her lungs. Subsequently, plaintiff began to have trouble breathing. She was later diagnosed with moderate obstructive disease meeting the criteria for asthma. It is undisputed that Pyrethrins are known sensitizers causing asthma. It is further undisputed, for the purposes of this motion, that plaintiff's exposure to the insecticide caused or at least contributed to her asthmatic condition.

The insecticide at issue was packaged in an aerosol can. On the can was labeling concerning appropriate use of the product. Also appearing on the can were warnings related to the dangers of the product. It is uncontroverted that the labeling and warnings on the aerosol can complied with the provisions of the Federal Insecticide, Fungicide and Rodenticide Act (FIFRA), 7 U.S.C. § 136a *et seq.,* and were approved by the Environmental Protection Agency.

On June 30, 1992, plaintiff filed a Petition in the District Court of Wyandotte County, Kansas. In that Petition, plaintiff alleges that she was injured because (a) the aerosol can contained no warning that its active ingredient was a known sensitizer causing asthma and (b) the instructions appearing on the aerosol can were inadequate in that they did not state that a face guard or respirator should be worn when using the product. Plaintiff does not attribute her injuries to any other acts or omissions of the defendants. On July 31, 1992, in timely fashion, pursuant to 28 U.S.C. § 1441, defendants removed the case to this court based on this court's diversity of citizenship jurisdiction, 28 U.S.C. § 1332.

In their motion for summary judgment, defendants contend that they are entitled to judgment as a matter of law on plaintiff's claims on three grounds. First, defendants contend that plaintiff's state law failure to warn claims are preempted by federal law (FIFRA). Second, defendants contend that plaintiff cannot show that the warnings were defective in that she cannot show "by a preponderance of the evidence that a reasonably prudent product seller could and would have taken additional precautions." *See* K.S.A. 60–3304. Third, defendants contend that plaintiff's injuries were not caused by any inadequacy in their warnings because plaintiff did not read any of the warnings on the can. Because it is dispositive of the case, the court will address only defendants' first contention.

The subsection of FIFRA that is relevant to this case is 7 U.S.C. § 136v, entitled Authority of States, which provides:

(a) In general. A State may regulate the sale or use of any federally registered pesticide or device in the State, but only if and to the extent the regulation does not permit any sale or use prohibited by this Act.

(b) Uniformity. Such State shall not impose or continue in effect *any requirements for labeling or packaging in addition to or different from those required under this Act.*

*Id.* (emphasis supplied). The Tenth Circuit has interpreted section 136v to reflect an intent of Congress to maintain the traditional police powers of the states "in the general grant of authority to 'regulate the sale or use' of pesticides," section 136v(a), and "a more specific intent to occupy the field in labeling and packaging," section 136v(b). *Arkansas–Platte & Gulf Partnership v. Van Waters & Rogers, Inc.,* 959 F.2d 158, 160 (10th Cir.1992) (*Arkansas–Platte I* ). Consistent with this interpretation, the Tenth Circuit has held that FIFRA expressly preempts state law tort claims to the extent that those claims would require a showing that the manufacturer's label should have included additional, different, or alternative warnings from those required by FIFRA. *Arkansas–Platte & Gulf Partnership v. Van Waters & Rogers, Inc.,* 981 F.2d 1177, 1179 (10th Cir.1993) (*Arkansas–Platte II* ).

Plaintiff claims that defendants were negligent in providing warnings on their product in that the warnings should have warned of the product's propensity to cause asthma and should have contained more detailed instructions as to proper use of the product. However, it is undisputed that defendants' labels and warnings complied with FIFRA labeling requirements. Consequently, the court concludes that pursuant to *Arkansas–Platte II* plaintiff's state law causes of action for failure to warn, as stated in her petition, are preempted by FIFRA. The court's conclusion stands regardless of whether plaintiff's causes of action arise from Kansas common law or Kansas statutes. *Arkansas–Platte II,* 981 F.2d at 1179 (*citing Cipollone v. Liggett Group, Inc.,* —— U.S. ——, ——, 112 S.Ct. 2608, 2620, 120 L.Ed.2d 407 (1992)) (holding that illegal state regulation can be accomplished either by an award of damages or by legislative enactment). Because plaintiff's failure to warn causes of action are preempted by FIFRA, the court sustains defendants' motion for summary judgment.

Plaintiff advances other arguments which she claims defeat defendants' motion for summary judgment. Plaintiff argues that she can defeat the motion for summary judgment because her petition (complaint) can be construed as alleging a violation of FIFRA. However, the undisputed facts of the case are that defendants' warnings and labels

complied with FIFRA requirements. In fact, plaintiff concedes that point in her opposition to defendants' motion. The court finds plaintiff's argument unavailing.

Plaintiff also argues that she can defeat the motion for summary judgment because she has asserted a claim of strict liability against defendants. In light of the *Arkansas–Platte* decisions, the court is unsure whether strict liability claims survive FIFRA preemption. However, the court need not decide whether or not a claim for strict liability survives FIFRA preemption in this instance, because having combed plaintiff's pleadings and having construed them liberally, the court can find no allegations relating to a claim of strict liability. The court also finds this argument unavailing.

Because plaintiff's failure to warn causes of action are preempted by FIFRA and because plaintiff has failed to show the court that summary judgment should not be entered against her, defendants' motion for summary judgment is sustained.

*The Motion for Sanctions*

Defendants move for sanctions on the ground that plaintiff opposed their motion for summary judgment when it should have been clear to her that her failure to warn causes of action were preempted by FIFRA. Sanctions are appropriate under Rule 11 when a party signs a pleading without conducting a reasonable inquiry into whether the pleading is legally frivolous or factually unsupported. Based on the record before it and the state of the law as this case has progressed, the court cannot conclude that plaintiff's opposition to defendants' motion is legally frivolous. The motion for sanctions is overruled.

IT IS, THEREFORE, BY THE COURT ORDERED that defendants' motion for summary judgment (Doc. 23) is sustained. The case is hereby dismissed.

IT IS FURTHER ORDERED that defendants' motion for sanctions (Doc. 27) is overruled.

**IT IS SO ORDERED.**