996 F.2d 250
 Bankr. L. Rep. P 75,349
In re James Albert COONES and Cindy Lee Coones, f/k/a Cindy
Lee Jones, Debtors.
FEDERAL DEPOSIT INSURANCE CORPORATION, as receiver of
Stockmen's Bank and Trust Company, and liquidator
of First National Bank of Sheridan, Appellee,
v.
James Albert COONES; Cindy Lee Coones, f/k/a Cindy Lee
Jones, Appellants.
 Nos. 90-8113, 90-8114.
 United States Court of Appeals,
Tenth Circuit.
 June 21, 1993.
 
 Jeanne R. Lee, Counsel, and Timothy C. Kingston, Federal Deposit Insurance Corporation, Denver, CO, and Ann S. DuRoss, Asst. Gen. Counsel, Richard J. Osterman, Jr., Sr. Counsel, Edward J. O'Meara, Counsel, Federal Deposit Insurance Corporation, Washington, DC, for appellee.
 Stephen R. Winship, of Donald R. Winship & Associates, Casper, WY, for appellants.
 Before LOGAN, MOORE, and BALDOCK, Circuit Judges.
 LOGAN, Circuit Judge.
 
 
 1
 These appeals are before this court following the Supreme Court's order vacating our previous decision, FDIC v. Coones (In re Coones), 954 F.2d 596 (10th Cir.), vacated, --- U.S. ----, 113 S.Ct. 31, 121 L.Ed.2d 4 (1992), and remanding for reconsideration in light of Taylor v. Freeland & Kronz, --- U.S. ----, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992).[1] Our prior decision resolved two issues: 1) whether debtors were entitled to exempt certain property from their bankruptcy estate; and 2) whether the FDIC held a valid security interest in debtors' crops. See Coones, 954 F.2d at 598, 599. Because the Supreme Court's decision in Taylor addressed only the exemption issue, see --- U.S. at ----, 112 S.Ct. at 1646, we will not reconsider the validity of the FDIC's security interest; nothing in Taylor leads us to believe that we incorrectly resolved that issue in our prior opinion. See Arkansas-Platte & Gulf Partnership v. Van Waters & Rogers, Inc., 981 F.2d 1177, 1178 (10th Cir.1993), petition for cert. filed, 61 U.S.L.W. 3789 (U.S. May 10, 1993) (No. 92-1784).
 
 
 2
 Debtors James Albert and Cindy Lee Coones, Wyoming ranchers, commenced Chapter 11 bankruptcy proceedings in October 1988, claiming as exempt property seventy-five percent of their livestock acquired and crops grown after 1986. Despite the fact that no party filed a timely objection, the bankruptcy court denied this exemption, determining that there was no legal basis under Wyoming law to support it. Debtors appealed. Both the district court and this court affirmed the denial of that exemption. As noted, the Supreme Court has now vacated that determination.
 
 
 3
 In the time since debtors initiated their appeal from the denial of this exemption, the bankruptcy court has dismissed debtors' Chapter 11 proceedings, after denying their motion to convert their bankruptcy to Chapter 12. Those bankruptcy court decisions are currently pending on appeal before the district court. See Appellants' Supp.Br. at 2; Appellee's Supp.Br. at 4 n. 1. Ms. Coones subsequently obtained the discharge of her debts under Chapter 7. Debtors were also divorced.
 
 
 4
 In light of these subsequent events, we ordered Ms. Coones, following the Supreme Court's remand, to show cause why her appeal of the exemption issue remains justiciable. Ms. Coones did not specifically respond to our show cause order. The supplemental brief purportedly filed on behalf of both debtors following remand did, however, address the continuing justiciability of Ms. Coones' exemption claim and attached a copy of the divorce decree, which we read as giving to Mr. Coones all the interest in any property currently at issue in these appeals. See Appellants' Supp.Br., ex. 5, Stipulation and Agreement at 2-3; see also Appellants' Supp.Br. at 4. We therefore treat Mr. Coones as possessing any property interest at issue here.
 
 
 5
 The primary issue presented by this remand, therefore, is whether the Supreme Court's decision in Taylor requires a reversal of our conclusion that the bankruptcy court did not err in denying debtors' exemption, despite the lack of a timely objection, because the exemption lacked a legal basis in state law. The FDIC concedes that Taylor does require a reversal on the exemption issue.[2] Appellee's Supp.Br. at 4. Accordingly, we REVERSE the district court's decision affirming the bankruptcy court's denial of the exemption and REMAND to the district court for further proceedings consistent with this opinion.
 
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cases are therefore ordered submitted without oral argument
 
 
 [2]
 The FDIC, on remand, does not argue that the bankruptcy court had inherent authority, under 11 U.S.C. § 105(a), to deny the exemption, despite the lack of a timely filed objection, because the exemption lacked a legal basis. See Taylor, --- U.S. at ---- 112 S.Ct. at 1649 (noting but declining to address this issue). We therefore do not reach that issue