**QUAD R FARMS, a partnership, Plaintiff,**

v.

**AMERICAN CYANAMID COMPANY, Defendant.**

**Civ. No. 3–93–486.**

United States District Court, D. Minnesota, Third Division.

Dec. 27, 1993.

Stephen L. Stennes, Prindle, Maland, Sellner, Stennes & Knutson, Montevideo, MN, for plaintiff.

John P. Mandler, Faegre & Benson, Minneapolis, MN, for defendant.

**MEMORANDUM OPINION AND ORDER**

KYLE, District Judge.

### Introduction

Plaintiff Quad R Farms ("QRF") commenced this action against defendant American Cyanamid Company ("ACC"); QRF alleges that ACC was negligent in improperly labeling one of its herbicide products as safe for rotational planting on an eighteen-month schedule. Before the Court is ACC's Motion, pursuant to Fed.R.Civ.P. 12(b)(6), to Dismiss.

### Background

QRF is a partnership, consisting of Robert and Delores Kramer, d/b/a Quad R Farms, Randy Kramer, Rick R. Kramer and Rod R. Kramer. QRF is principally engaged in the business of farming; its principal place of business is located at R.R. 2, Box 112, Bird Island, Minnesota. Complaint, ¶ 1.

ACC is a corporation engaged in the business of manufacturing and selling farm chemicals; it is authorized to do, and does, business in Minnesota.

In the summer of 1989, QRF purchased and applied a chemical herbicide, called PURSUIT, to its soybean crop; PURSUIT is manufactured and sold by ACC. *Id.* ¶ II. QRF followed both general farming practices and the specific label directions in applying the PURSUIT to its soybeans. At the time QRF applied the PURSUIT, the product's

label stated that rotational crops could be planted on PURSUIT-treated ground eighteen (18) months after application. *Id.* ¶ III.

QRF planted a rotational crop, sugar beets, on a portion of the PURSUIT-treated ground in 1991 and again in 1992. *Id.* ¶ VI. According to the Complaint, both QRF's 1991 and 1992 sugar beets crops were damaged by a carry-over effect of the PURSUIT, resulting in a decreased sugar beet yield in both 1991 and 1992. *Id.* ¶ VII. Some time after QRF had purchased and applied the PURSUIT to its soybean crop, ACC changed the PURSUIT label to state that at least twenty-six months should elapse between application and planting rotational crops. *Id.* ¶ IV.

QRF alleges that ACC improperly labeled its PURSUIT product as safe for rotational crops after 18 months; this improper labeling constitutes negligence. QRF further alleges that when deciding whether to (a) apply PURSUIT to its 1989 soybean crop, and (b) plant sugar beets on a portion of the PURSUIT-treated ground in 1991 and again in 1992, it relied on the rotational planting statements on the PURSUIT label. *Id.* ¶¶ III, V. Accordingly, QRF seeks damages resulting from its diminished 1991 and 1992 sugar beet crops.

## Discussion

### I. The Standard of Decision

When passing on a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court accepts as true the material facts alleged in the Complaint and considers the allegations therein in the light most favorable to the non-movant. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). The court may dismiss a complaint "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984); *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

### II. ACC's Motion to Dismiss

■ ACC asserts that dismissal is appropriate on either of two grounds: (1) Minnesota law precludes QRF from seeking damages

for the losses it allegedly sustained; and (2) QRF's negligence claim is preempted by the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA"). 7 U.S.C. § 136–136y (West 1993 Supp.). As ACC's preemption argument raises a question of constitutional law, to wit: the application of the Supremacy Clause of Article VI, the Court will first pass on ACC's state law argument. *See Hector Farms v. American Cyanamid Co.,* 18 UCC Rep.Serv.2d 1083, 1087, 1992 WL 421343 (D.Minn.1992) (Murphy, C.J.).

*A. Is QRF's Negligence Claim barred under Minnesota Law?*

ACC contends that this QRF's negligence claim is barred by decisions of this Court and another court of this District holding that as a matter of law plaintiffs such as QRF may not recover economic losses arising from commercial transactions with farm chemical producers pursuant to tort theories of recovery (*See* Mem.Supp.Mot.Summ.J., at 3 (citing *Eugene Jetvig, Inc. v. Monsanto Co.,* 18 UCC Rep.Serv.2d 1111, 1118, 1992 WL 400723 (D.Minn.1992); *Hector Farms v. American Cyanamid Co.,* 18 UCC Rep. Serv.2d at 1087).) ACC contends that (1) the transaction between it and QRF was a "commercial transaction," and (2) the loss allegedly suffered by QRF was limited to "economic loss"; hence, this case falls squarely within the bar erected in *Hector Farms* and *Jetvig.*

QRF responds that regardless of whether *Hector Farms* and *Jetvig* were correctly decided, the record in this case—which is limited to the allegations in QRF's Complaint—is insufficient to permit this Court to make any of the factual determinations necessary to determining as a matter of law that QRF's negligence claim is barred under the rule announced in *Hector Farms* and *Jetvig.* The Court agrees.

Currently, the factual allegations contained in the Complaint, *see supra,* constitute the universe of facts concerning QRF's operation and the relationship between it and ACC. As both parties are well aware, a court passing on a Rule 12(b)(6) motion must limit itself to the pleadings on file. ACC may be correct that *Hector Farms* and *Jetvig* warrant

dismissal of QRF's claim; however, that conclusion cannot be reached as a matter of law on the basis of the facts alleged in the Complaint, which is the only *pleading* in this case. Accordingly, if the Court denies ACC's second argument in support of dismissal, ACC must await the completion of discovery and bring its *Hector Farms/Jetvig* argument via a motion for summary judgment.

*B. Is QRF's Negligence Claim barred by FIFRA?*

ACC contends that QRF's negligence claim is preempted by 7 U.S.C. § 136v, which provides, in pertinent part:

### § 136v. Authority of States.

#### (a) In general

A State may regulate the sale or use of any federally registered pesticide or device in the State, but only if and to the extent the regulation does not permit any sale or use prohibited by this subchapter.

#### (b) Uniformity

Such State shall not impose or continue in effect any requirements for labeling or packaging in addition to or different from those required under this subchapter.

7 U.S.C. § 136v(a), (b). ACC contends that the language "[s]uch State shall not impose or continue in effect any requirements for labeling" in section 136v(b) expressly preempts any negligence claim based upon allegations that a herbicide or pesticide manufacturer improperly labeled a product.[1]

In support of its express preemption argument, ACC cites the Court to several federal circuit court decisions holding that FIFRA expressly or impliedly preempts labeling-based negligence claims; each of those decisions was issued after the Supreme Court's decision in *Cipollone v. Liggett Group, Inc.*, 505 U.S. ——, 112 S.Ct. 2608, 120 L.Ed.2d 407 (1992).[2] *See Worm v. American Cyanamid Co.*, 5 F.3d 744 (4th Cir.1993); *King v. E.I. DuPont De Nemours & Co.*, 996 F.2d 1346 (1st Cir.), *cert. dismissed*, —— U.S. ——, 114 S.Ct. 490, 126 L.Ed.2d 440 (1993); *Shaw v. Dow Brands, Inc.*, 994 F.2d 364 (7th Cir.1993), *reh'g denied; Arkansas–Platte & Gulf Partnership v. Van Waters & Rogers, Inc.*, 981 F.2d 1177 (10th Cir.), *cert. denied*, —— U.S. ——, 114 S.Ct. 60, 126 L.Ed.2d 30 (1993); *Papas v. Upjohn Co.*, 985 F.2d 516 (11th Cir.), *cert. denied sub nom., Papas v. Zoecon Corp.*, —— U.S. ——, 114 S.Ct. 300, 126 L.Ed.2d 248 (1993).[3] *But see Ferebee v. Chevron Chem. Co.*, 736 F.2d 1529, 1540 (D.C.Cir.), *cert. denied*, 469 U.S. 1062, 105 S.Ct. 545, 83 L.Ed.2d 432 (1984) (pre-*Cipollone* ). ACC asks this Court to apply the preemption analysis contained in *Worm, King, Shaw, Arkansas–Platte*, and *Papas* to QRF's negligence claim in this case.

QRF responds by asking this Court to adopt the rule in *Ferebee*, a pre-*Cipollone* decision, which held that FIFRA does not preempt negligence claims such as that it has asserted against ACC. In addition, at the hearing on the instant motion, QRF offered a policy-centered argument against applying FIFRA preemption to bar a claim brought by an entity such as QRF.

■ After carefully considering the arguments of both parties and thoroughly reviewing the decisions cited by both sides, the Court concludes that FIFRA expressly preempts QRF's labeling-based negligence claim. The reasons supporting the Court's conclusion are contained in *Worm*, 5 F.3d at 748–49, *King*, 996 F.2d at 1347–50, and

---

1. ACC also argues that this language impliedly preempts QRF's claim and that the claim is preempted because damage awards for inadequate labeling would directly conflict with FIFRA. Given the resolution of ACC's "express preemption" argument, the Court need not, and does not, determine whether its alternative arguments have merit.

2. In *Cipollone*, the Supreme Court held that the plaintiff's state law tort claims based upon the defendant cigarette manufacturer's failure to warn of the dangers of cigarette smoking were expressly preempted by a provision in the Public Health Cigarette Smoking Act of 1969, Pub.L. No. 89–92, 79 Stat. 87 (1969) (codified as amended at 15 U.S.C. §§ 1331–1340). *Cipollone*, 505 U.S. at ——, 112 S.Ct. at 2617.

3. The Court notes that *Arkansas–Platte* and *Papas* were decided prior to *Cipollone*. Thereafter, the Supreme Court vacated the original decisions and remanded the causes for further consideration in light of *Cipollone*. *See* —— U.S. ——, 113 S.Ct. 314, 121 L.Ed.2d 235 (1992) (*Arkansas–Platte* ); —— U.S. ——, 112 S.Ct. 3020, 120 L.Ed.2d 892 (1992) (*Papas* ).

*Shaw,* 994 F.2d at 369–71, as well as a comprehensive and well-written opinion recently issued by Judge Waters of the United States District Court for the Western District of Arkansas in *DerGazarian v. Dow Chem. Co.,* 836 F.Supp. 1429 (W.D.Ark.1993).[4] Because this Court could add precious little to the reasoning provided by the courts who have already passed upon this issue, the Court adopts the reasoning in the decisions listed above; hence, no further analysis will be provided here. *See also Kinser v. Ciba–Geigy Corp.,* 837 F.Supp. 217 (W.D.Ky.1993). As a result, QRF's labelling-based negligence claim against ACC will be dismissed with prejudice.

### Conclusion

Based upon the foregoing, and the records, files, and proceedings herein, including the briefs and arguments of counsel, **IT IS ORDERED** that defendant American Cyanamid Company's Motion to Dismiss (Doc. No. 11) is **GRANTED.** Plaintiff Quad R Farm's claims against American Cyanamid are **DISMISSED WITH PREJUDICE.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

---

4. In *DerGazarian,* a 22–page WESTLAW slip opinion, Judge Waters discusses the entire landscape of FIFRA preemption as it relates to negligence claims brought against a pesticide and herbicide manufacturer, including the proper analysis of preemption claims after *Cipollone.*