**Mark KERN, Plaintiff-Appellant,**

v.

**GENERAL MOTORS CORPORATION, a Delaware corporation duly qualified to do business in Colorado, Defendant-Appellee.**

**No. 85CA1178.**

Colorado Court of Appeals, Division 1.

April 24, 1986.

Rehearing Denied May 22, 1986.
Certiorari Denied Sept. 8, 1986.

Nathan Davidovich, Denver, for plaintiff-appellant.

Davis, Graham & Stubbs, Timothy M. Tymkovich, Charles L. Casteel, Denver, Jones, Day, Reavis & Pogue, Patrick F. McCartan, Cleveland, Ohio, Lawrence R. Sessoms, Detroit, Mich., for defendant-appellee.

BERMAN, Judge.

Plaintiff, Mark Kern, appeals a summary judgment dismissing his strict liability action against defendant, General Motors Corporation. Plaintiff claims that a factual question exists concerning whether defendant met its duty to manufacture a non-defective vehicle. We disagree and therefore affirm.

Plaintiff was a passenger in an automobile manufactured by defendant which was involved in a roll-over collision. The vehicle was equipped with shoulder and lap safety straps, as well as a non-working starter interlock system designed to prevent the automobile from starting unless the forward seat belts were fastened. Federal law did not require the interlock system to be operative. 39 C.F.R. § 38380–81 (1974).

As a result of the collision, plaintiff sustained serious injuries which rendered him permanently disabled. Expert testimony indicated that plaintiff would not have suffered as serious an injury if he had been wearing a seat belt. In entering summary judgment for defendant, the district court ruled that a car manufacturer has no legal duty to coerce a passenger to fasten the available seat belt, and without such duty there can be no liability. This appeal ensued.

Plaintiff bases his appeal on a products liability theory. See Restatement (Second) of Torts § 402A. He contends that part of defendant's duty in manufacturing a non-defective vehicle is to equip that vehicle with an automatic safety restraint system which would protect the occupant without the necessity of occupant action. Plaintiff further contends that defendant also had a duty to equip the vehicle with a working interlock system that would have prevented the vehicle from starting unless the seat belts were fastened.

Strict liability in tort has been adopted in Colorado and is applicable to an otherwise properly manufactured product if its de-

sign renders it unreasonably dangerous. *See Hügel v. General Motors Corp.*, 190 Colo. 57, 544 P.2d 983 (1975).

■ In designing and manufacturing its automobiles, defendant must take into account the possibility that these vehicles may be involved in accidents. However, this does not imply a duty to prevent all injuries in all accidents. Moreover, the fact that under certain circumstances an accident may occur in connection with the use of a product does not necessarily make the product defective and unreasonably dangerous. The critical question is whether the manufacturer has created an unreasonable risk of increasing the harm in the event of a collision. *Roberts v. May*, 41 Colo.App. 82, 583 P.2d 305 (1978).

■ Because the law does not require a manufacturer to be the virtual insurer of its products, the scope of its liability is limited. *Kysor Industrial Corp. v. Frazier*, 642 P.2d 908 (Colo.1982). Indeed, a manufacturer has no duty to produce the safest product possible, but rather has a duty merely to avoid placing on the market a product which presents an unreasonable risk of harm to others. *See Davis v. Caterpillar Tractor Co.*, 719 P.2d 324 (Colo. App.1985) (tractor manufacturer is under no duty to warn of objective dangers unconnected either to any defects in the tractor or to its use); *see Camacho v. Honda Motor Co.*, 701 P.2d 628 (Colo.App.1985) (*cert. granted* June 10, 1985) (motorcycle not rendered unreasonably dangerous by absence of leg protection devices; specific risk was matter of public knowledge and such devices not required by governmental regulation). Furthermore, no governmental regulation required that the vehicle be equipped with the devices sought by plaintiff. *See* 39 C.F.R. § 38380–81 (1974).

Considerations such as these have led other courts to reject the view that a lack of a passive restraint system is actionable under the unreasonable defect theory of Restatement (Second) of Torts § 402A.

In *Evers v. General Motors Corp.*, 770 F.2d 984 (11th Cir.1985), the court was unwilling to establish the failure to provide another form of passive restraint, air bags, as a new basis for tort liability. There, the court also held that although a manufacturer is required to take reasonable steps, within the limits of cost, technology, and marketability, to design and produce a product that minimizes avoidable hazards, the manufacturer cannot be placed in the position of an insurer.

■ Applying the foregoing principles to this case, we conclude that plaintiff's claim that the vehicle was defective and unreasonably dangerous because it was not equipped with automatic seat belts and an operative starter interlock system has no support in the law of Colorado.

Judgment affirmed.

PIERCE, J., concurs.

TURSI, J., specially concurs.

TURSI, Judge, specially concurring.

I agree that the design of the shoulder and lap safety strap here was not defective pursuant to the applicable provisions of Restatement (Second) of Torts § 402A. However, because I believe the majority opinion is written too broadly, I concur only in the result.