Edward SEGER, Plaintiff,

v.

The DOW CHEMICAL COMPANY, a
Delaware corporation, Defendant.

Civ. A. No. 90–S–1773.

United States District Court,
D. Colorado.

May 15, 1995.

Dennis W. Hartley, Derry Beach Adams, Colorado Springs, CO, for plaintiff.

C. Michael Montgomery, Peter S. Dusbabek, Montgomery, Green, Jarvis, Kolodny & Markusson, Denver, CO, for defendant.

## MEMORANDUM OPINION AND ORDER

SPARR, District Judge.

THIS MATTER comes before the court on Dow's Motion for Summary Judgment, filed February 15, 1995. At a hearing held April 28, 1995, the court granted Dow's motion in part. The court granted summary judgment in favor of Dow and against the Plaintiff on the Plaintiff's Second, Fifth, Sixth, and Seventh Claims for Relief. The court took Dow's motion for summary judgment under advisement as to the Plaintiff's First, Third, and Fourth Claims for Relief. The Plaintiff has conceded that the Third Claim for Relief subsumes the Fourth Claim for Relief, as they are both claims for strict liability under the Restatement (Second) of Torts § 402A. As to the Plaintiff's remaining First and Third Claims for Relief, the court has reviewed the motion, the Plaintiff's brief in opposition, Dow's reply brief, the exhibits, the arguments presented by counsel in open court on April 28, 1995, the entire case file, and the applicable law and is fully advised in the premises.

### 1. Standard of Review

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *accord Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986); *Russillo v. Scarborough,* 935 F.2d 1167, 1170 (10th Cir.1991). The moving party bears the initial burden of showing that there is an absence of any issues of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); *Hicks v. City of Watonga,* 942 F.2d 737, 743 (10th Cir.1991). The movant need not negate the non-movant's claim, but need only point to an absence of evidence to support the non-movant's claim. *Celotex,* 477 U.S. at 325, 106 S.Ct. at 2554; *Universal Money Ctrs., Inc. v. AT & T,* 22 F.3d 1527, 1529 (10th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 655, 130 L.Ed.2d 558 (1994). If the moving party meets this burden, the non-moving party may not rest upon its pleadings, but must come forward with specific facts showing that there is a genuine issue for trial as to the elements essential to the non-moving party's case. Fed.R.Civ.P. 56(e); *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553; *Anderson,* 477 U.S. at 256, 106 S.Ct. at 2514; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986); *Bacchus Indus., Inc. v. Arvin Indus., Inc.,* 939 F.2d 887, 891 (10th Cir.1991); *Applied Genetics Int'l. v. First Affiliated Sec., Inc.,* 912 F.2d 1238, 1241 (10th Cir.1990).

In applying the summary judgment standard, the court construes the factual record and reasonable inferences therefrom in the light most favorable to the party opposing

summary judgment. *Blue Circle Cement, Inc. v. Board of County Comm'rs.*, 27 F.3d 1499, 1503 (10th Cir.1994); *Deepwater Invs., Ltd. v. Jackson Hole Ski Corp.*, 938 F.2d 1105, 1110 (10th Cir.1991). However, the mere existence of *some* alleged factual dispute will not defeat an otherwise properly supported motion for summary judgment. *FDIC v. Hulsey*, 22 F.3d 1472, 1481 (10th Cir.1994) (emphasis in original). A "material" fact is one that might affect the outcome of the suit under the governing law. An issue of material fact is genuine if a reasonable jury could return a verdict for the non-movant. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510.

### 2. Preemption under FIFRA

The Federal Insecticide, Fungicide and Rodenticide Act (FIFRA), 7 U.S.C.S. §§ .136 *et seq.*, provides a detailed scheme for regulating the content and format of labels for many chemical products, including herbicides, fungicides, and insecticides, and requires those products sold in the United States to be registered with the Environmental Protection Agency (EPA). In an effort to preserve uniformity of laws concerning labeling, FIFRA specifically mandates that a "State shall not impose or continue in effect any requirements for labeling or packaging in addition to or different from those required under this subchapter." 7 U.S.C.A. § 136v(b) (1980 and Supp.1995).

■ Section 136v(b) of FIFRA preempts state law claims which constitute "requirements for labeling or packaging in addition to or different from" the labeling and packaging requirements imposed under FIFRA, including any state law claims which would require the trier of fact to determine whether a product was adequately labeled or packaged. *See MacDonald v. Monsanto Co.*, 27 F.3d 1021, 1024–25 (5th Cir.1994); *Worm v. American Cyanamid Co.*, 5 F.3d 744, 748 (4th Cir.1993); *King v. E.I. Dupont De Nemours and Co.*, 996 F.2d 1346, 1349 (1st Cir.), *cert. dismissed*, — U.S. —, 114 S.Ct. 490, 126 L.Ed.2d 440 (1993); *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 369–71 (7th Cir.1993); *Papas v. Upjohn Co.*, 985 F.2d 516, 518 (11th Cir.), *cert. denied*, — U.S. —, 114 S.Ct.

300, 126 L.Ed.2d 248 (1993); *Arkansas–Platte & Gulf Partnership v. Van Waters & Rogers, Inc.*, 981 F.2d 1177, 1178–79 (10th Cir.), *cert. denied*, — U.S. —, 114 S.Ct. 60, 126 L.Ed.2d 30 (1993). Failure to warn claims are preempted by FIFRA because they require the application of state law requirements for labeling and packaging, in conflict with FIFRA. *Id.*

■ Dow argues that FIFRA preempts the Plaintiff's First and Third Claims for Relief because, although stated as claims for negligent manufacture and strict liability for defective design, the claims are actually based on a failure to warn. While failure to warn claims are preempted by FIFRA, state law claims that do not implicate requirements for the labeling or packaging of a product are not preempted. *See Higgins v. Monsanto Co.*, 862 F.Supp. 751, 757–59 (N.D.N.Y.1994); *Jillson v. Vermont Log Bldgs., Inc.*, 857 F.Supp. 985, 991–92 (D.Mass.1994); *Bingham v. Terminix Intl. Co. L.P.*, 850 F.Supp. 516, 521–22 (S.D.Miss. 1994); *Wright v. Dow Chemical U.S.A.*, 845 F.Supp. 503, 509–11 (M.D.Tenn.1993); *Kennan v. Dow Chemical Co.*, 717 F.Supp. 799, 811–12 (M.D.Fla.1989); *Fisher v. Chevron Chemical Co.*, 716 F.Supp. 1283, 1287–89 (W.D.Mo.1989). The court must therefore determine whether the Plaintiff's First and Third Claims for Relief would impose or effect different or additional packaging or labeling requirements than the requirements imposed by FIFRA.

### 3. Plaintiff's Third Claim for Relief Alleging Dowicide 7 Was Unreasonably Dangerous Based on a Defect

■ In determining the extent of liability of a product manufacturer for a defective product, Colorado has adopted the strict products liability doctrine of the Restatement (Second) of Torts § 402A. *Camacho v. Honda Motor Co., Ltd.*, 741 P.2d 1240, 1244 (Colo.1987) (en banc) (citations omitted); *Kern v. General Motors Corp.*, 724 P.2d 1365, 1366–67 (Colo.App.1986); *Hiigel v. General Motors Corp.*, 190 Colo. 57, 544 P.2d 983, 987 (1975). Under § 402A of the Restatement, a seller is strictly liable for any product sold "in a defective condition unreasonably dan-

gerous" to the consumer. In Colorado, a manufacturer may not be held strictly liable unless a product is both defective and unreasonably dangerous. *Tafoya v. Sears Roebuck and Co.,* 884 F.2d 1330, 1339 (10th Cir.1989) (citation omitted); CJI–Civ.3d 14:18 (1989); *Fibreboard Corp. v. Fenton,* 845 P.2d 1168, 1175 (Colo.1993), citing *Camacho,* 741 P.2d at 1245.

██ A product may be unreasonably dangerous due to a manufacturing defect, a design defect, or a failure to warn. *Camacho,* 741 P.2d at 1247. In this case, any failure to warn claim is preempted by FIFRA. The issue in manufacturing defect cases is whether the product as produced conformed with the manufacturer's specifications. The basis for strict liability for design defects is that reasonable care must be used to design a product that is reasonably safe for its intended or foreseeable uses. *Camacho,* 741 P.2d at 1245, citing W. Prosser *The Law of Torts* § 96 at 641, 644–45 (4th ed. 1971). In design defect cases, where the product has been manufactured as intended, certain factors should be applied in balancing the risks and benefits of a product to determine whether a product design is unreasonably dangerous. *Camacho,* 741 P.2d at 1247–48, citing *Ortho Pharmaceutical Corp. v. Heath,* 722 P.2d 410, 414 (Colo.1986).

██ Although the Third Claim for Relief is allegedly based on a defect that rendered Dowicide 7 unreasonably dangerous to the Plaintiff, the evidence before the court on summary judgment shows that this claim is actually based on a failure to warn theory. In the Plaintiff's Answers to Dow's First Set of Interrogatories, the Plaintiff indicates that his Third Claim for Relief is premised on the failure of the Dowicide 7 label to adequately warn the Plaintiff "as to the dangers the exposure to this chemical could cause." (Exhibit B to Dow's Motion for Summary Judgment pp. 15–16). The court concludes that the true nature of the Plaintiff's Third Claim for Relief is strict liability for failure to warn, a state law claim that is preempted by FIFRA. Dow is entitled to summary judgment on the Plaintiff's Third Claim for Relief.

*4. Plaintiff's First Claim for Relief Alleging Dow Was Negligent in Manufacturing Dowicide 7*

██ The arrival of strict liability did not abrogate the right of an injured party also to proceed on a negligence claim. The principles of general product liability law impose a duty on the manufacturer of a product to act reasonably in the design, manufacture, and sale of the product. *Halliburton v. Public Service Co.,* 804 P.2d 213, 216–17 (Colo.App. 1990) (citations omitted). Under a negligence theory, the reasonableness of the manufacturer's conduct must be determined. *Halliburton,* 804 P.2d at 217, quoting *Downing v. Overhead Door Corp.,* 707 P.2d 1027 (Colo.App.1985).

██ Plaintiff's claim that Dow was "negligent in manufacturing" appears to be nothing more than a method for establishing a manufacturer's liability based on negligence. *See* CJI–Civ.3d 14:1 (1989); *Stone's Farm Supply, Inc. v. Deacon,* 805 P.2d 1109, 1114 (Colo.1991). The Plaintiff's First Claim for Relief does not appear to be based on any requirements for labeling or packaging that are preempted by FIFRA. If the Plaintiff can establish a violation of state law that is not predicated on requirements for labeling or packaging that are in addition to or different from those required by FIFRA, that claim is not preempted by FIFRA. *See Worm,* 5 F.3d at 749; *Higgins,* 862 F.Supp. at 758; *Jillson,* 857 F.Supp. at 991–92.

Accordingly, IT IS ORDERED:

1. Dow's Motion for Summary Judgment is GRANTED IN PART AND DENIED IN PART.

2. Summary judgment is GRANTED on the Third Claim for Relief. Judgment shall hereby enter in favor of Defendant Dow and against Plaintiff Seger on the Third Claim for Relief.

3. Summary judgment is DENIED on the First Claim for Relief.