**ARKANSAS–PLATTE & GULF PARTNERSHIP, a Colorado general partnership, Plaintiff,**

v.

**The DOW CHEMICAL COMPANY, a Delaware corporation, Defendant.**

Civ. A. No. 89–S–1726.

United States District Court,
D. Colorado.

May 15, 1995.

764

Richard R. Young, for plaintiff.

C. Michael Montgomery, for defendant.

**MEMORANDUM OPINION
AND ORDER**

SPARR, District Judge.

THIS MATTER comes before the court on: (1) Arkansas–Platte & Gulf's (AP & G's) Motion for Leave to File First Amended Complaint, filed November 7, 1994; and (2) Dow's Motion to Dismiss, filed May 8, 1995. At a hearing held April 28, 1995, the court granted AP & G's and Dow's motions in part. The court permitted AP & G to file its First, Second, and Fifth Amended Claims for Relief, but immediately dismissed those three claims as preempted by the Federal Insecticide, Fungicide and Rodenticide Act (FIFRA), 7 U.S.C. § 136v(b). Because the Third, Fourth, Sixth, and Seventh Claims for Relief did not state any claim against Defendant Van Waters & Rogers, Inc., the court dismissed Defendant Van Waters & Rogers, Inc. from the case.

The court took the two motions under advisement as to AP & G's Third, Fourth, Sixth, and Seventh Claims for Relief against Dow. As to AP & G's remaining Third,

Fourth, Sixth, and Seventh Claims for Relief, the court has reviewed AP & G's motion, Dow's brief in opposition, AP & G's reply brief, Dow's additional reply brief, the exhibits, the arguments presented by counsel in open court on April 28, 1995, the entire case file, and the applicable law and is fully advised in the premises.

Dow opposes AP & G's amendment and moves to dismiss AP & G's remaining claims because: (1) AP & G's amended claims are futile because they are preempted by FIFRA; and (2) Dow is unduly prejudiced by AP & G's lengthy delay in seeking to amend its complaint.

### 1. The Applicable Standards of Review

#### a. Motion to Amend

A motion to amend under Fed. R.Civ.P. 15(a) is committed to the trial court's discretion. *T.V. Communications Network, Inc. v. Turner Network Television, Inc.*, 964 F.2d 1022, 1028 (10th Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 601, 121 L.Ed.2d 537 (1992); *Hester v. International Union of Operating Engineers*, 941 F.2d 1574, 1578 (11th Cir.1991); *Woolsey v. Marion Laboratories, Inc.*, 934 F.2d 1452, 1462 (10th Cir.1991); *Schepp v. Fremont County*, 900 F.2d 1448, 1451 (10th Cir.1990); *Las Vegas Ice and Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir.1990); *First City Bank, N.A. v. Air Capitol Aircraft Sales, Inc.*, 820 F.2d 1127, 1132 (10th Cir. 1987). In the words of Fed.R.Civ.P. 15(a), leave to amend "shall be freely given."

The Federal Rules in general embody a policy which favors the resolution of claims on the merits, rather than on procedural grounds, and Rule 15(a) has been interpreted in the light of this policy to require that amendments be freely allowed in the absence of a narrowly defined set of exceptional circumstances. *Lewis v. Newman*, 788 F.Supp. 1086, 1088 (N.D.Cal.1991), citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). The rules governing amendment and supplemental pleadings are generally liberally construed in favor of permitting amendment, consistent with the goal of ensuring that all related claims are litigated in a single action. *United Services Automobile Association v. Foster*, 783 F.Supp. 916, 919 (M.D.Pa.1992). Leave to amend should be freely given based on the balancing of several factors, including futility, delay, bad faith, dilatory motive, repeated failure to cure deficiencies, and prejudice to the opposing party. *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir.1991). Mere delay, unaccompanied by actual prejudice, bad faith, or futility, does not justify a denial of leave to amend. *Defender Industries v. Northwestern Mutual Life Insurance*, 938 F.2d 502, 508 (4th Cir.1991). The burden is on the party who wishes to amend to provide a satisfactory explanation for the delay. *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir.1990).

Although Fed.R.Civ.P. 15(a) requires leave to amend be given freely, that requirement does not apply where an amendment obviously would be futile. *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir.1993); *T.V. Communications Network*, 964 F.2d at 1028. Where a complaint, as amended, would be subject to dismissal, leave to amend need not be granted. *Id.*

#### b. Motion to Dismiss

Applying Fed.R.Civ.P. 12(b)(6), a court should not dismiss a cause of action for failure to state a claim unless the court determines that the plaintiff can prove no set of facts that would entitle it to relief. *Tri-Crown, Inc. v. American Fed. Sav. & Loan Ass'n*, 908 F.2d 578, 582 (10th Cir.1990). The court must accept all factual allegations as true and must draw all reasonable inferences in favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Grider v. Texas Oil & Gas Corp.*, 868 F.2d 1147, 1148 (10th Cir.), *cert. denied*, 493 U.S. 820, 110 S.Ct. 76, 107 L.Ed.2d 43 (1989). A complaint should be dismissed only when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle the plaintiff to relief, even when all well-pleaded allegations in the complaint are accepted as true and construed in the light most favorable to the plaintiff. *Mock v. T.G. & Y. Stores Co.*, 971 F.2d 522, 528–29 (10th Cir.1992). So

long as the plaintiff offers evidence in support of a legally recognized claim for relief, a motion to dismiss must be denied. *Hiatt v. Schreiber,* 599 F.Supp. 1142, 1145 (D.Colo. 1984).

### 2. *Preemption under FIFRA*

The Federal Insecticide, Fungicide and Rodenticide Act (FIFRA), 7 U.S.C.S. §§ 136 *et seq.* provides a detailed scheme for regulating the content and format of labels for many chemical products, including herbicides, fungicides, and insecticides, and requires those products sold in the United States to be registered with the Environmental Protection Agency (EPA). In an effort to preserve uniformity of laws concerning labeling, FIFRA specifically mandates that a "State shall not impose or continue in effect any requirements for labeling or packaging in addition to or different from those required under this subchapter." 7 U.S.C.A. § 136v(b) (1980 and Supp.1995).

■ Section 136v(b) of FIFRA preempts state law claims which constitute "requirements for labeling or packaging in addition to or different from" the labeling and packaging requirements imposed under FIFRA, including any state law claims which would require ` the trier of fact to determine whether a product was adequately labeled or packaged. *See MacDonald v. Monsanto Co.,* 27 F.3d 1021, 1024–25 (5th Cir.1994); *Worm v. American Cyanamid Co.,* 5 F.3d 744, 748 (4th Cir.1993); *King v. E.I. Dupont De Nemours and Co.,* 996 F.2d 1346, 1349 (1st Cir.), *cert. dismissed,* — U.S. —, 114 S.Ct. 490, 126 L.Ed.2d 440 (1993); *Shaw v. Dow Brands, Inc.,* 994 F.2d 364, 369–71 (7th Cir.1993); *Papas v. Upjohn Co.,* 985 F.2d 516, 518 (11th Cir.), *cert. denied,* — U.S. —, 114 S.Ct. 300, 126 L.Ed.2d 248 (1993); *Arkansas–Platte & Gulf Partnership v. Van Waters & Rogers, Inc.,* 981 F.2d 1177, 1178–79 (10th Cir.), *cert. denied,* — U.S. —, 114 S.Ct. 60, 126 L.Ed.2d 30 (1993). Failure to warn claims are preempted by FIFRA because they require the application of state law requirements for labeling and packaging, in conflict with FIFRA. *Id.*

■ Dow argues that FIFRA preempts AP & G's Third and Fourth Claims for Relief

because, although stated as claims for negligence for defective design and manufacture and strict liability for defective design and manufacture, the claims are actually based on a failure to warn. While failure to warn claims are preempted by FIFRA, state law claims that do not implicate requirements for the labeling or packaging of a product are not preempted. *See Higgins v. Monsanto Co.,* 862 F.Supp. 751, 757–59 (N.D.N.Y.1994); *Jillson v. Vermont Log Bldgs., Inc.,* 857 F.Supp. 985, 991–92 (D.Mass.1994); *Bingham v. Terminix Intl. Co. L.P.,* 850 F.Supp. 516, 521–22 (S.D.Miss.1994); *Wright v. Dow Chemical U.S.A.,* 845 F.Supp. 503, 509–11 (M.D.Tenn.1993); *Kennan v. Dow Chemical Co.,* 717 F.Supp. 799, 811–12 (M.D.Fla.1989); *Fisher v. Chevron Chemical Co.,* 716 F.Supp. 1283, 1287–89 (W.D.Mo.1989). The court must therefore determine whether AP & G's Third and Fourth Claims for Relief would impose or effect different or additional packaging or labeling requirements than the requirements imposed by FIFRA.

#### a. *AP & G's Fourth Claim for Relief Alleging Strict Liability for Defective Design and Manufacture of Dowicide 7*

■ In determining the extent of liability of a product manufacturer for a defective product, Colorado has adopted the strict products liability doctrine of the Restatement (Second) of Torts § 402A. *Camacho v. Honda Motor Co., Ltd.,* 741 P.2d 1240, 1244 (Colo.1987) (en banc) (citations omitted); *Hiigel v. General Motors Corp.,* 190 Colo. 57, 544 P.2d 983, 987 (1975); *Kern v. General Motors Corp.,* 724 P.2d 1365, 1366–67 (Colo. App.1986). Under § 402A of the Restatement, a seller is strictly liable for any product sold "in a defective condition unreasonably dangerous" to the consumer. In Colorado, a manufacturer may not be held strictly liable unless a product is both defective and unreasonably dangerous. *Tafoya v. Sears Roebuck and Co.,* 884 F.2d 1330, 1339 (10th Cir.1989) (citation omitted); CJI–Civ.3d 14:18 (1989); *Fibreboard Corp. v. Fenton,* 845 P.2d 1168, 1175 (Colo.1993), citing *Camacho,* 741 P.2d at 1245.

A product may be unreasonably dangerous due to a manufacturing defect, a design defect, or a failure to warn. *Camacho*, 741 P.2d at 1247. In this case, any failure to warn claim is preempted by FIFRA. The issue in manufacturing defect cases is whether the product as produced conformed with the manufacturer's specifications. The basis for strict liability for design defects is that reasonable care must be used to design a product that is reasonably safe for its intended or foreseeable uses. *Camacho*, 741 P.2d at 1245, citing W. Prosser *The Law of Torts* § 96 at 641, 644–45 (4th ed. 1971). In design defect cases, where the product has been manufactured as intended, certain factors should be applied in balancing the risks and benefits of a product to determine whether a product design is unreasonably dangerous. *Camacho*, 741 P.2d at 1247–48, citing *Ortho Pharmaceutical Corp. v. Heath*, 722 P.2d 410, 414 (Colo.1986).

AP & G's Fourth Claim for Relief alleges Dow is strictly liable for the defective design and manufacture of Dowicide 7 and its impurities (in the form of dioxins), with the result that Dowicide 7 was unreasonably dangerous to AP & G's property. The essence of both AP & G's Third and Fourth Claims for Relief is that Dowicide 7 contained relatively high levels of dioxins, that the dioxins did not contribute to the utility or effectiveness of Dowicide 7 in treating wood fence posts, and that the dioxins created and contributed to the extent of the environmental remediation on AP & G's property. AP & G's strict liability claim rests on a theory of defective design and manufacture, not on a theory of failure to warn. Because AP & G's claim for strict liability is based on theories of defective design and manufacture and not on a theory of inadequate labeling, it is not preempted by FIFRA. See *Higgins*, 862 F.Supp. at 759; *Wright*, 845 F.Supp. at 510–11; *Kennan*, 717 F.Supp. at 811–12.

Dow argues that the Fourth Claim for Relief still should be preempted because Dow's inevitable defense will be that Dowicide 7 was adequately labeled, bringing the court back to the area of labeling and packaging requirements that are preempted by FIFRA. It is true that comment k to

§ 402A makes an exception to the strict liability products doctrine for "unavoidably unsafe" products, recognizing that some products (for example, certain prescription drugs) are quite useful but have some risk associated with their use that cannot be eliminated. Such an unavoidably unsafe product, properly prepared and accompanied by proper directions and warnings, is not defective, nor is it unreasonably dangerous. Restatement (Second) of Torts § 402A cmt. k. For the rule precluding liability for unavoidably unsafe products to apply to a given product, the product's utility must greatly outweigh the risk created by its use, the risk must be a known one, the product's benefit must not be achievable in another manner, and the risk must be unavoidable under the state of knowledge existing at the time of manufacture. *Camacho*, 741 P.2d at 1244 n. 5, citing *Belle Bonfils Memorial Blood Bank v. Hansen*, 665 P.2d 118 (Colo.1983). The exception to liability provided by comment k was intended to apply to drugs and medical products, as indicated by the illustrations accompanying comment k. *Camacho*, 741 P.2d at 1244 n. 5. The Plaintiff's Fourth Claim for Relief does not allege strict liability for an unavoidably unsafe product and Dow has not demonstrated that Dowicide 7 is an unavoidably unsafe product. Dow's adequate warning defense either does not apply to the Fourth Claim for Relief or is premature before Dowicide 7 has been established to be an unavoidably unsafe product. See *Kennan*, 717 F.Supp. at 812.

*b. AP & G's Third Claim for Relief Alleging Negligent Design and Manufacture of Dowicide 7*

The arrival of strict liability did not abrogate the right of an injured party also to proceed on a negligence claim. The principles of general product liability law impose a duty on the manufacturer of a product to act reasonably in the design, manufacture, and sale of the product. *Halliburton v. Public Service Co.*, 804 P.2d 213, 216–17 (Colo. App.1990) (citations omitted). Under a negligence theory, the reasonableness of the manufacturer's conduct must be determined. *Halliburton*, 804 P.2d at 217, quoting *Down-*

*ing v. Overhead Door Corp.,* 707 P.2d 1027 (Colo.App.1985). Negligence occurs when one party deviates from reasonable standards of care owed to another and such conduct naturally and foreseeably results in injury to the other. *Grasmick v. Otis Elevator Co.,* 817 F.2d 88, 90 (10th Cir.1987).

 AP & G's Third Claim for Relief alleges negligence based on the defective design and manufacture of Dowicide 7 that created an unreasonable risk of harm to AP & G's property. AP & G alleges that unnecessarily high levels of dioxins in Dowicide 7 created and exacerbated the extent of the environmental remediation on AP & G's property. The Third Claim for Relief for negligent design and manufacture appears to be nothing more than a method for establishing a manufacturer's liability based on negligence. *See* CJI–Civ.3d 14:1 (1989); *Stone's Farm Supply, Inc. v. Deacon,* 805 P.2d 1109, 1114 (Colo.1991). AP & G's Third Claim for Relief does not appear to be based on any requirements for labeling or packaging that are preempted by FIFRA. If AP & G can establish a violation of state law that is not predicated on requirements for labeling or packaging that are in addition to or different from those required by FIFRA, that claim is not preempted by FIFRA. AP & G's negligence claim simply seeks to hold Dow to its duty to guard against design or manufacturing defects in its product and to hold Dow liable for damages if injuries are caused by such defects. AP & G's Third claim for Relief for negligence does not interfere with the domain of labeling or packaging governed by FIFRA. *See Worm,* 5 F.3d at 749; *Higgins,* 862 F.Supp. at 758; *Jillson,* 857 F.Supp. at 991–92.

### c. *AP & G's Sixth Claim for Relief for Declaratory Judgment and Seventh Claim for Relief for Punitive Damages*

The parties agree that the Sixth and Seventh Claims for Relief are not independent claims, but derive from the other claims in the complaint. Therefore, the Sixth and Seventh Claims for Relief stand or fall with the Third and Fourth Claims for Relief.

### 3. *Prejudicial Delay of Amendment*

 Dow argues that AP & G has engaged in excessive delay in seeking to amend its complaint, merely for the purpose of changing its legal strategy in the face of adverse rulings. AP & G contends the procedural circumstances of this case demonstrate that there was no bad faith on the part of AP & G and no actual prejudice to Dow.

AP & G filed its original complaint on or about September 1, 1989. AP & G's original strict liability claim alleged, among other things, that Dow's "pentachlorophenol products were defective and unreasonably dangerous in that their use caused environmental and health hazards, including contamination of soil on the Property." (Complaint, paragraph 32). AP & G's original negligence claim alleged that Dow's negligent failure to provide sufficient warnings caused contamination of AP & G's property. (Complaint, paragraphs 24–28).

On July 12, 1990, the parties submitted their final Pretrial Order. in the final Pretrial Order, AP & G asserted, among other things, that the Defendants were negligent in the production and/or distribution of pentachlorophenol products and that the products were unreasonably dangerous. (Pretrial Order, section III.A.).

On August 13, 1990, the court held a hearing on Dow's first motion for summary judgment and took the motion under advisement. On September 17, 1990, while still awaiting a ruling on the motion for summary judgment, AP & G filed a motion for clarification, seeking to clarify the nature of its claims to include negligent production, sale, and distribution and strict liability for a defective and unreasonably dangerous product. (AP & G's October 9, 1990 Reply Brief in Support of Motion for Clarification). On October 22, 1990, the court issued an Order denying Dow's pending motion for summary judgment. On December 13, 1990, the court denied, without comment, AP & G's motion for clarification. On January 22, 1991, the court certified for appeal pursuant to 28 U.S.C. § 1292(b) its Order denying Dow's motion for summary judgment.

On January 25, 1991, AP & G moved to amend its complaint "to include specifically negligence and strict products liability claims based upon defective design other than failure to warn." On January 30, 1991, the parties filed a stipulated motion to stay all further proceedings pending resolution of the appeal before the Tenth Circuit Court of Appeals. On January 31, 1991, the court granted the joint motion to stay proceedings.

On March 6, 1992, the Tenth Circuit reversed the court's denial of summary judgment and remanded for further proceedings. On July 30, 1992, AP & G filed a petition for writ of certiorari with the United States Supreme Court. On October 15, 1992, the Supreme Court remanded to the Tenth Circuit for further consideration in light of *Cipollone v. Liggett Group, Inc.*, 505 U.S. ——, 112 S.Ct. 2608, 120 L.Ed.2d 407 (1992). On January 5, 1993, the Tenth Circuit issued its Order after remand from the Supreme Court, adhering to its previous opinion. AP & G then filed a second petition for certiorari in the Supreme Court. On August 24, 1993, this court administratively closed the file, to be re-opened upon motion by any party. For various reasons, counsel for AP & G did not receive a copy of the Order administratively closing the file. AP & G's January 25, 1991 motion to amend the complaint was technically still pending at this point in time. On October 28, 1994, the district court held a status and scheduling conference, at which AP & G's pending motion to amend the complaint was declared moot and AP & G was given leave to file a new motion to amend the complaint that is now before the court.

The prejudice alleged by Dow is AP & G's delay in presenting its amended claims. The court does not believe the delay is exclusively the fault of AP & G. In light of the lengthy procedural history of this case and in light of AP & G's effort to amend its complaint in 1991, AP & G has provided a satisfactory explanation for any delay in pleading its amended claims. The court believes the interests of litigating all claims in a single action and resolving claims on the merits weigh in favor of allowing AP & G to amend

its complaint to include the Third, Fourth, Sixth, and Seventh Claims for Relief.

In addition, Fed.R.Civ.P. 15(c) provides:

An Amendment of a pleading relates back to the date of the original pleading when . . .

(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.

These amended claims are not a complete surprise to Dow. Because AP & G made allegations of strict liability for defective design as far back as its original complaint and made allegations of negligent production and/or distribution of pentachlorophenol products as far back as the July 12, 1990 Pretrial Order, the allegations in AP & G's amended Third and Fourth Claims for Relief arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in AP & G's original pleadings. In its discretion, the court concludes that AP & G's Amended Complaint should be permitted as to the Third, Fourth, Sixth, and Seventh Claims for Relief.

Accordingly, IT IS ORDERED:

1. AP & G's Motion for Leave to File First Amended Complaint is GRANTED as to the Third, Fourth, Sixth, and Seventh Claims for Relief.

2. Dow's Motion to Dismiss the Third, Fourth, Sixth, and Seventh Claims for Relief is DENIED.