Bryant **LEWIS**, Plaintiff,

v.

Constance **NEWMAN**, et al., Defendants.

**No. C–91–0642 DLJ.**

United States District Court, N.D. California.

Aug. 2, 1991.

Bryant Lewis, pro se.

Sherry A. Armstrong of the Merit Systems Protection Board and Patricia Kenney of the Office of Personnel Management appeared for defendants.

## ORDER

JENSEN, District Judge.

On July 31, 1991, this Court heard defendant's motion to dismiss the Merit Systems Protection Board, and its Chairman, Daniel Levinson, as defendants pursuant to Federal Rule of Civil Procedure 12(b)(6). Sherry Armstrong of the Merit Systems Protection Board and Patricia Kenney of the Office of Personnel Management appeared for defendants. Bryant Lewis appeared for himself. Having considered the papers submitted, the arguments of counsel, the applicable law, and the entire record herein, the Court DISMISSES the Merit Systems Protection Board and Daniel Levinson as defendants for the following reasons.

## I. SYNOPSIS OF COURT'S REASONING

Bryant Lewis ("Lewis") was denied employment by the Internal Revenue Service and the Federal Deposit Insurance Corporation. After exhausting his administrative appeals through the Office of Personnel Management, the Merit Systems Protection Board, and the Equal Employment Opportunity Commission, Lewis brought a discrimination claim in this Court. In the complaint, Lewis named as defendants Constance Newman of the Office of Personnel Management, the Merit Systems Protection Board, and it's Chairman, Daniel Levinson.

Lewis contends that he was discriminated against in violation of two statutes, the Civil Service Reform Act and the Civil Rights Act of 1964. However, the language of both statutes makes clear that the proper defendant in this case is the Office of Personnel Management and not the Merit Systems Protection Board. Therefore, the Court is required by law to dismiss the Merit Systems Protection Board and Daniel Levinson as defendants.

Lewis' complaint of discrimination is still active with Constance Newman, Director of the Office of Personnel Management as the proper defendant. Lewis' rights to recover for his injuries has not been diminished should he prove he has a valid claim against the Office of Personnel Management.

## II. BACKGROUND

Plaintiff was disqualified for employment by the Internal Revenue Service (IRS) and the Federal Deposit Insurance Corporation (FDIC) after failing to successfully pass an oral interview. On November 27, 1989, plaintiff appealed his denial of employment by the IRS and FDIC to the Merit Systems Protection Board ("Board") alleging religious and handicap discriminations. On March 23, 1990, the Board's administrative judge affirmed the denial. The decision became final on September 13, 1990, when the Board denied review. Plaintiff filed a complaint of discrimination with the Equal Employment Opportunity Commission (EEOC), which was denied on February 4, 1991.

Plaintiff then brought this action against Constance Newman, Director of the Office of Personnel Management (OPM), the Merit Systems Protection Board, and its Chairman, Daniel Levinson ("Levinson"), alleging religious and handicap discriminations. In the complaint plaintiff's specific claim is

that the OPM discriminated against him, but there is no specific allegation as to the conduct of the Board and Levinson. *See* Complaint at 3 para. 6 (filed March 6, 1991). However, in plaintiff's opposition to defendant's motion to dismiss, plaintiff alleges that the Board discriminated against him by failing to hold that he was denied employment on the basis of handicap and religious discrimination. *See* Plaintiff's Response To Motion To Dismiss at 2 lines 9–21 (filed July 15, 1991) [hereinafter Response].

In the motion presently before the Court, defendants move to dismiss the Board and Levinson as defendants pursuant to Federal Rules of Civil Procedure 12(b)(6).

## III. LEGAL DISCUSSION

### A. *Standard Of Review*

The question presented by a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of his or her claim. "[T]he accepted rule [is] that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). In the Ninth Circuit, the Court making this determination must assume that the plaintiff's allegations are true, construe the complaint in a light most favorable to the plaintiff, and resolve every doubt in the plaintiff's favor. *United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir.1981).

■ Furthermore, Federal Rule of Civil Procedure 15(a) provides that "leave [to amend] shall be freely given when justice so requires." The Rules in general embody a policy which favors the resolution of claims on the merits, rather than on procedural grounds, and Rule 15(a) has been interpreted in the light of this policy to require that amendments be freely allowed in absence of a narrowly defined set of exceptional circumstances. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230,

9 L.Ed.2d 222 (1962). These exceptional circumstances include undue delay in bringing the amendment, dilatory motive and bad faith, prejudice to the opposing party, and circumstances indicating that the proposed amendment is futile. *Id.; Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir.1989); *California Architectural Building Products, Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1472 (9th Cir.1987). However, the Court will dismiss a futile claim without leave to amend only if "it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir.1987) (quoting *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir.1980) (per curiam)).

### B. *Motion To Dismiss The Board and Levinson As Defendants*

Plaintiff alleges discrimination on the basis of religion and handicap, in violation of both the Civil Service Reform Act, 5 U.S.C. § 7702(a)(1), and the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Defendants argue that under both statutes, the Board and Levinson are barred from being defendants in this action.

### (1) *Civil Service Reform Act*

■ Under the Civil Service Reform Act, an employee who alleges that the basis for an agency's action is discrimination is entitled to an appeal to the Board under the appellate procedure of section 7701. 5 U.S.C. § 7702(a)(1). Under the statute in effect at the time of the alleged discrimination:

> The Board shall be the named respondent in any proceeding brought pursuant to this subsection, unless the employee or applicant for employment seeks review of a final order or decision issued by the Board under section 7701. In review of a final order or decision issued under section 7701, the agency responsible for taking the action appealed to the Board shall be the named respondent.

5 U.S.C. § 7703(a)(2). The language is clear and unambiguous that the proper defendant is the agency whose action resulted in the appeal to the Board. *Id.* Therefore, the Board is not a proper defendant under section 7701, since it is not the agency which brought the action resulting in the appeal to the Board. *Id.*

Alternatively, defendant argues if the Whistleblower Protection Act (WPA), effective July 9, 1989, which amends the statute is applicable to this case, then this still does not affect the above conclusion. More specifically, the WPA provides in pertinent part that:

> The Board shall be the named respondent in any proceeding brought pursuant to this subsection, unless the employee or applicant for employment seeks review of a final order or decision on the merits on the underlying personnel action or on a request for attorney fees, in which case the agency responsible for taking the action shall be the respondent.

5 U.S.C.A. § 7703(a)(2) (West Supp.1991). Plaintiff alleges that the Board discriminated against him by failing to adjudicate in his favor the denial of his employment with respect to his claims of handicap and religious discrimination. Response at 2:9–21. Plaintiff alleges facts which address the merits of the Board's decision. Thus, even if the amended statute applies to the case at hand, the Board would still not be the proper defendant since this case involves an appeal of the Board's decision on the merits. 5 U.S.C.A. § 7703(a)(2) (West Supp.1991). In this situation the amended statute is clear that again it is the agency responsible for taking the action resulting in the appeal to the Board which is the proper defendant. *Id.*

Therefore, based on either version of the statute, the Board and Levinson are not proper defendants because the Board was not the "agency responsible for taking the action appealed." *Id.* (original and amended). Because the IRS and FDIC disqualified the plaintiff from employment pursuant to procedures developed by OPM, and plaintiff initiated an appeal to the Board against OPM on the basis of these procedures, OPM is the agency responsible for the action that was appealed to the Board. Accordingly, OPM is the proper defendant.

Under the Civil Service Reform Act, the Board and Levinson are barred as defendants as a matter of law. Therefore, the Board and Levinson are dismissed as defendants to the Civil Service Reform Act claim, because plaintiff has failed to state a cause of action against them under Federal Rule of Civil Procedure 12(b)(6). *Conley,* 355 U.S. at 45, 78 S.Ct. at 101.

### (2) *Civil Rights Act Of 1964*

Additionally, plaintiff asserts that the discrimination he experienced in being denied employment is a violation of Title VII of the Civil Rights Act of 1964. This statute provides that personnel actions affecting employees or applicants for employment shall be made free from any discrimination based or race, color, religion, sex, or national origin. 42 U.S.C. § 2000e *et seq.* Furthermore, the statute specifically states that the head of the employing agency is the appropriate defendant in any action under this statute: "[Aggrieved party] may file a civil action as provided in section 2000e–5 of this title, in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant." *Id.* § 2000e–16(c). Because the Board is not the head of the employing agency, it is not a proper defendant. *Id.* However, because the OPM provided the hiring guidelines for plaintiff's disqualification by the IRS and FDIC, the OPM can be considered the head of the employing agency for hiring purposes. Therefore, plaintiff's claim ·for discrimination is proper against Constance Newman, Director, Office of Personnel Management. *Id.*

Consequently, the Court dismisses the Board and Levinson as defendants from the Title VII claim because plaintiff has failed to state a cause of action against them under Federal Rule of Civil Procedure 12(b)(6). *Conley,* 355 U.S. at 45, 78 S.Ct. at 101.

### IV. CONCLUSION

Even construing the complaint in the light most favorable to the plaintiff, the

Merit Systems Protection Board and Daniel Levinson are not proper defendants under either the Civil Service Reform Act or the Civil Rights Act of 1964 as a matter of law. Therefore, the Court DISMISSES the Merit Systems Protection Board and Daniel Levinson as defendants.

A status conference in this matter is hereby scheduled for Wednesday, October 9, 1991, at 9:00 a.m. Parties are directed to file status conference statements as provided under the rules of this Court.

IT IS SO ORDERED.